# IN THE UNITED STATES DISTRICT COURT RECEIVED
## FOR THE MIDDLE DISTRICT OF ALABAMA

2006 AUG 23  P 4: 42

SOUTHEASTERN BOLL WEEVIL
ERADICATION FOUNDATION,          )
                                 )
    Plaintiff,                 )
                                 )
v.                               )          Civil Action No.: ~~CV-06-~~ ___
                                 )          2:06 CV 756
BOLL WEEVIL ERADICATION          )
FOUNDATION OF GEORGIA, INC.;     )
TOMMY IRVIN in his capacity as   )          **Plaintiff Demands Trial**
TRUSTEE OF BOLL WEEVIL           )          **By Struck Jury on All**
ERADICATION FOUNDATION           )          **Counts and Claims**
OF GEORGIA, INC.                 )
                                 )
    Defendants.                )
_____  )

## COMPLAINT

1.    Plaintiff, Southeastern Boll Weevil Eradication Foundation (hereinafter "SEBWEF"), is an Alabama non-profit corporation consisting of individual eradication organizations in member states ranging from Virginia to Mississippi and organized for the common purpose of containing and eradicating the boll weevil population.

2.    Defendant, Boll Weevil Eradication Foundation of Georgia, Inc. (hereinafter "Georgia BWEF") is a member of the Southeastern Boll Weevil Eradication Foundation, an Alabama non-profit corporation.

3.    Defendant, Georgia BWEF, has purposefully availed itself of the protection and laws of the State of Alabama and established extensive contacts in the State of Alabama, by,

*inter alia*, conducting business, attending meetings, and fulfilling the general duties of an active member of an Alabama non-profit corporation.

4.     Defendant, Tommy Irvin, is the trustee of the funds of Georgia BWEF, and upon information and belief, a resident of the State of Georgia.

5.     Defendant, Tommy Irvin, has purposefully availed himself of the protection and laws of the State of Alabama and established extensive contacts in the State of Alabama, by, *inter alia*, sending representatives to Alabama on numerous occasions for the purpose of conducting business, attending meetings, auditing accounting records, and having in the past satisfied Georgia BWEF's commitments as a member of SEBWEF, an Alabama non-profit corporation.

## JURISDICTION

6.     Subject matter jurisdiction is proper in federal court based on diversity jurisdiction.

7.     The Plaintiff is an Alabama non-profit organization and all of the Defendants are believed to be residents of Georgia.

8.     The amount in controversy is in excess of $75,000.

## COUNT I - BREACH OF CONTRACT

9.     Plaintiff adopts by reference and re-alleges paragraphs 1-8 of Plaintiff's Complaint as if set out fully herein.

10.     In 1997, SEBWEF's members, including Georgia BWEF, entered into a cooperative agreement with SEBWEF, whereby SEBWEF agreed to implement and operate a program designed to eradicate and control the boll weevil population in Georgia in exchange for payment of costs and expenses including, but not limited to, annual dues.  Georgia BWEF signed the 1997 agreement and abided by its terms without challenging it between 1997 and 2004.  A copy of the 1997 cooperative agreement is marked "Exhibit A" and attached hereto.

11.     On or about August 10, 2005, Georgia BWEF announced its desire to terminate its membership in SEBWEF.  A copy of the letter titled "Termination of Participation" is marked "Exhibit B" and attached hereto.

12.     Under the terms of the 1997 cooperative agreement, "[Georgia BWEF] may terminate [its] participation under this agreement by giving written notice to all parties hereto not less than 12 months prior to October 1st of any year, *providing all outstanding financial obligations due Southeastern Boll Weevil Eradication Foundation, Inc. have been satisfied....*"

13.     Rather than "giving written notice to all parties ... not less than 12 months prior to October 1st," Georgia BWEF sought to terminate its membership effective for the coming year by providing insufficient notice on August 10, 2005, a full 10 months and 10 days late.

14.     Rather than ensuring "all outstanding financial obligations due ... have been satisfied," Georgia BWEF breached its agreement with SEBWEF by failing or refusing to pay money owed to SEBWEF, which includes, *inter alia*, old debt, Georgia BWEF's share of an FSA loan payment, and the buffer zone costs.

15.    In addition to other outstanding financial obligations, Georgia BWEF is also currently in breach of the 1997 cooperative agreement for failing or refusing to pay its dues through October 1, 2006.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendants in the amount of no less than $5,475,699.00 plus interest, costs, attorneys fees, and such other and further relief as shall be ordered by this Court.

## COUNT II - UNJUST ENRICHMENT

16.    Plaintiff adopts by reference and re-alleges paragraphs 1-15 of Plaintiff's Complaint as if set out fully herein.

17.    Plaintiff provided products and services to Georgia BWEF , including, but not limited to, buffer zone protection from boll weevil reinfestation valued at no less than $5,475,699.00.

18.    Georgia BWEF did not pay for those products and services and was, therefore, unjustly enriched.

19.    It would be unjust and inequitable to allow Georgia BWEF to avoid paying for the products and services provided by SEBWEF.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendants for $5,475,699.00 plus interest, costs, and attorneys fees, and such other and further relief as shall be ordered by this Court.

Page 4 of 8

## COUNT III - MONEY OWED

20.     Plaintiff adopts by reference and re-alleges paragraphs 1-19 of Plaintiff's Complaint as if set out fully herein.

21.     As a member of SEBWEF, Georgia BWEF owes membership dues, costs and fees, buffer zone costs, and other unpaid obligations.

22.     To date, Georgia BWEF has still not paid its past due and unpaid membership dues, costs and fees, buffer zone costs, and other unpaid obligations.

23.     Tommy Irvin, as trustee of the funds of Georgia BWEF, is responsible for the payment of membership dues, costs and fees, buffer zone costs, and other obligations on Georgia BWEF's behalf.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendants in the amount of no less than $5,475,699.00 plus interest, costs, attorneys fees, and such other and further relief as shall be ordered by this Court.

## COUNT IV - BREACH OF FIDUCIARY DUTY

24.     Plaintiff adopts by reference and re-alleges paragraphs 1-23 of Plaintiff's Complaint as if set out fully herein.

25.     Tommy Irvin, as trustee of the funds of Georgia BWEF, is authorized to receive, collect, hold in trust, and disburse all collected assessments and funds of Georgia BWEF.

26.     Georgia BWEF sought to terminate its membership without satisfying its outstanding financial obligations.

27.    Once Georgia BWEF sought to terminate its membership with SEBWEF, Tommy Irvin, in his fiduciary capacity as trustee of the funds of Georgia BWEF, was responsible for using funds to wind up the relationship between Georgia BWEF and SEBWEF and pay Georgia BWEF's obligations.

28.    By failing to utilize the funds to satisfy Georgia BWEF's obligations, Tommy Irvin has breached his fiduciary duty as trustee of the funds of Georgia BWEF.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendant in the amount of no less than $5,475,699.00 or in the alternative, prays for an order directing him to pay over funds held in trust in said amount to SEBWEF.

## COUNT V-DECLARATORY AND INJUNCTIVE RELIEF

29.    Plaintiff adopts by reference and re-alleges paragraphs 1-28 of Plaintiff's Complaint as if set out fully herein.

30.    As a member of SEBWEF, Georgia BWEF has an obligation to abide by the terms of the 1997 cooperative agreement.  Specifically, paragraph XIV of the 1997 cooperative agreement provides, "[Georgia BWEF] may terminate [its] participation under this agreement by giving written notice to all parties hereto not less than 12 months prior to October 1st of any year, *providing all outstanding financial obligations due Southeastern Boll Weevil Eradication Foundation, Inc. have been satisfied....*"

31.    Georgia BWEF has taken the position that it is not bound by the 1997 cooperative agreement, and it has attempted to withdraw its membership from SEBWEF without providing

sufficient notice and without satisfying all outstanding financial obligations that it owes to

SEBWEF.

32.    Tommy Irvin, as trustee of the funds of Georgia BWEF, is authorized to receive,

collect, hold in trust, and disburse all collected assessments and funds of Georgia BWEF.

Additionally, he is required to pay out funds for existing obligations and for winding up the

relationship between SEBWEF and Georgia BWEF.  He has not fulfilled his obligations.

33.    There is a significant risk that trust funds may be withdrawn, hidden, or spent,

rather than used to pay Georgia BWEF's obligations to SEBWEF, thereby irreparably harming

SEBWEF and SEBWEF's ability to recover funds due to it.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendants in

the form of declaratory relief (1) defining (a) Georgia BWEF's obligations under the 1997

Cooperative Agreement and 2001 Amendment, and (b) Tommy Irvin's obligations as trustee of

the funds of Georgia BWEF; (2) imposing such obligations; and (3) enjoining Tommy Irvin from

dispensing funds equaling the obligations owed by Georgia BWEF, and kept in trust for the

Georgia BWEF, to any person or entity other than SEBWEF until this Court can declare the

parties' obligations under the Cooperative Agreements.

D. MITCHELL HENRY (HEN046)
Attorneys for Plaintiffs

OF COUNSEL:
WEBSTER, HENRY, LYONS & WHITE, P.C.
Post Office Box 239
Montgomery, Alabama 36101-0239
Telephone: (334) 264-9472
Facsimile: (334) 264-9599

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS AND CLAIMS.**

OF COUNSEL

**DEFENDANTS CAN BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Tommy Irvin
Georgia Commissioner of Agriculture
19 Martin Luther King Dr., SW
Atlanta, GA 30334

Mike Evans
Registered Agent for the Boll Weevil
Eradication Foundation of Georgia, Inc.
243 Agriculture Building
Atlanta, GA 30334

# AGREEMENT

THIS AGREEMENT, of September 1997, which supersedes any other agreement between the parties, made and entered into by and between the following parties:

BOLL WEEVIL ERADICATION FOUNDATION OF ALABAMA, INC.

BOLL WEEVIL ERADICATION FOUNDATION OF FLORIDA, INC.

BOLL WEEVIL ERADICATION FOUNDATION OF GEORGIA, INC.

MISSISSIPPI BOLL WEEVIL MANAGEMENT CORPORATION

BOLL WEEVIL ERADICATION FOUNDATION OF NORTH CAROLINA, INC.

BOLL WEEVIL ERADICATION FOUNDATION OF SOUTH CAROLINA, INC.

TENNESSEE BOLL WEEVIL ERADICATION FOUNDATION, INC.

All of the above being non-profit corporations organized and existing under their respective State Statutes, and the VIRGINIA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, representing VIRGINIA COTTON GROWERS; all of which are herein referred to collectively as State Foundations, party of the FIRST PART, and the

SOUTHEASTERN BOLL WEEVIL ERADICATION FOUNDATION, INC., a non-profit Alabama corporation, hereinafter referred to as the SOUTHEASTERN FOUNDATION, party of the SECOND PART.

WHEREAS, there is a cooperative Federal-State Program designated as the BOLL WEEVIL ERADICATION PROGRAM designed to eradicate and contain the boll weevil (anthonomus grandis Boheman) as an economic cotton pest within the states represented by the party of the FIRST PART, and

EXHIBIT
A

1793.910

WHEREAS, there is a need to provide proper cooperation between the various States represented by party of the FIRST PART and to cooperate with USDA-APHIS-PPQ in implementing and operating said program, it is hereby agreed as follows:

## I.

It is understood and agreed by party of the FIRST PART and party of the SECOND PART that this Agreement applies only to those cotton producing counties within the states represented by the State Foundations which have (1) had successful grower referendums; (2) have requested participation under this Agreement; (3) such participation has been accepted by the Southeastern Foundation; and (4) obtained federal funding.

## II.

(A)  The State Foundations agree that such projected funds necessary to carry out Program requirements within each state shall be assessed by each State Foundation on an annual basis after consultation with the Southeastern Foundation and that such funds shall be promptly remitted to the Southeastern Foundation.

(B)  Should an individual State Foundation fail to collect 100% of any year's projected funds, such shortfall shall be added to the following year's projected funds and promptly remitted to the Southeastern Foundation upon collection.

(C)  Should actual cost exceed state assessment levels, such affected State Foundation will exert every effort in good faith to increase the state assessment levels sufficient to cover actual cost.

2

(D) Funds so remitted shall become the property of the Southeastern Foundation, and the State Foundations shall not be liable for any acts, actions or omissions by the Southeastern Foundation, or for the use of said funds, or the operation of the Southeastern Boll Weevil Eradication Foundation, Inc.

(E) All parties hereto agree that buffer zone costs shall be a joint expense of the parties of the First Part.

### III.

Post eradication states may conduct their individual state programs, provided such programs meet the criteria as established by the Southeastern Boll Weevil Eradication Foundation, Inc.

### IV.

The Southeastern Foundation shall act as the operating organization on behalf of the State Foundations in implementing and carrying out the Boll Weevil Eradication Program within each individual state in accordance with those certain "Cooperative Agreements" between the Southeastern Foundation and USDA/APHIS/PPQ.

### V.

The Southeastern Foundation shall be the operating and cooperating entity between the participating States in working with the United States Department of Agriculture, Animal and Plant Health Inspection Service, Plant Protection and Quarantine, for implementation and execution of the Federal-State Boll Weevil Eradication Program, and as such may in cooperation with USDA/APHIS/PPQ:

a. contract for pesticide application services

b.  disperse payment for other supplies or services

c.  may enter into cooperative agreements with other organizations or agencies in the individual states and agencies of the Federal Government

d.  Southeastern Foundation is empowered to borrow funds, assign funds and enter into contracts necessary to carry out the Boll Weevil Eradication Program.  No State Foundation shall be liable for any debt or other obligation incurred by the Southeastern Foundation.

## VI.

The Southeastern Foundation hereby agrees that its Board of Directors in accordance with its By-Laws shall be composed of three (3) Board Members, one Regulatory, two Growers, from each of the aforementioned States and that said Directors shall be elected by each individual State Foundation.  The Southeastern Foundation further agrees that a quorum for any Southeastern Foundation Board meeting shall consist of at least fifty percent (50%) of the Directors thereto.

## VII.

The Chairman and Vice Chairman of the Southeastern Foundation shall be elected by the Board of Directors of the Southeastern Foundation for a term of one (1) year.  The Southeastern Foundation is authorized to hire such executive officers and employees as are necessary to conduct the activities of the Boll Weevil Eradication Program.  Those Officers, Directors, or employees who are intrusted

with Southeastern Foundation funds shall be bonded, the cost of which shall be paid by the Southeastern Foundation.

## VIII.

The Southeastern Foundation agrees to establish an "Executive Committee" to act on behalf of the Board of Directors between Board meetings in accordance with the By-Laws of the Southeastern Boll Weevil Eradication Foundation, Inc. The Chairman and Vice Chairman of the Southeastern Foundation shall serve as Chairman and Vice Chairman of the Executive Committee.

## IX.

The Southeastern Foundation shall develop a Program Work Plan and a Program Financial Plan and such other documents and procedures necessary to carry out in an efficient manner the Boll Weevil Eradication Program.

The Southeastern Foundation further agrees to the following:

1.   In accordance with that certain Cooperative Agreement between the Southeastern Foundation and USDA/APHIS/PPQ, Southeastern Foundation's employees shall be responsible to and under the direction of the Chairman of Southeastern Foundation and its Board of Directors as well as the Program Director for USDA/APHIS and the Executive Director of the Southeastern Foundation. The Executive Director shall work with USDA/APHIS/PPQ in the day-to-day management of the Program.

2.  In cooperation with USDA/APHIS/PPQ, provide permanent and temporary field and office personnel to conduct Program activities.

3.  In cooperation with USDA/APHIS/PPQ, organize educational and informational meetings for cotton growers as needed, and assist in the resolution of disputes between growers and the Program.

4.  In cooperation with USDA/APHIS/PPQ, solicit bids and issue contracts for pesticide purchases, aerial application of pesticides, and other materials or services as may be needed for Program operation.

5.  To account for Southeastern program funds, including the contribution provided by USDA-APHIS-PPQ, and to provide for payment of employees. Maintain a computer database of all funds collected and expended, and provide a detailed financial accounting of such funds on a monthly basis.

6.  Provide USDA/APHIS/PPQ with a quarterly listing of total acreage in the Program, assessments and contributions received, and assessments and contributions in arrears.

7.  Provide traps to the Program from molds and other equipment.

8.  Provide computer capabilities to collect statistical data.

9.  Assist USDA/APHIS/PPQ with storage and maintenance of Program equipment between seasons.

10. In cooperation with USDA/APHIS/PPQ, maintain a mailing list of all cotton farmers in Program areas, and prepare a timely newsletter to inform all affected cotton farmers of Program activities.

### X.

Southeastern Foundation further agrees to implement a Technical Committee, the size and composition of which shall be determined by the Board of Directors of the Southeastern Foundation.

### XI.

Southeastern Foundation Directors and Officers shall be reimbursed by the Southeastern Foundation for reasonable expense incurred in the performance of their official duties. These include the reimbursement for meals, lodging and travel expenses at a rate established by the Board of Directors. No reimbursement in any form will be paid to State, Federal and/or University employees who are Southeastern Foundation Directors without prior approval of the Board of Directors.

### XII.

The Boll Weevil Eradication Foundation of North Carolina, Inc., hereby agrees to share with the Southeastern Foundation and each State Foundation individually, trap production molds and tools, owned by the Boll Weevil Eradication Foundation of North Carolina, Inc., at its cost.

### XIII.

This Agreement shall become effective and in full force upon the completion of the execution by each State Foundation individually and Virginia Department of Agriculture and Consumer Services, representing Virginia cotton growers and the Southeastern Foundation.

### XIV.

State Foundation may terminate their participation under this agreement by giving written notice to all parties hereto not less than 12 months prior to October 1st of any year, providing all outstanding financial obligations due by said State to the Southeastern Boll Weevil Eradication Foundation, Inc. have been satisfied and providing further that such termination under this Article is with the express written consent and within the discretion of the Farm Service Agency, United States Department of Agriculture, Washington, D.C., or its successor agency, as long as any indebtedness is due the United States of America for a loan made under the Boll Weevil Eradication Loan Program pursuant to 7 C.F.R. § 1941.970 et seq., to the Southeastern Boll Weevil Eradication Foundation, Inc.

### XV.

This Agreement shall be construed in accordance with the Laws of the State of Alabama.

### XVI.

Upon execution, this Agreement of September, 1997, supersedes all other Agreements between the Parties hereto.

Signed the date hereinafter stated:

PARTY OF THE FIRST PART:

~~TENNESSEE BOLL WEEVIL ERADICATION FOUNDATION, INC.~~

SOUTHEASTERN BOLL WEEVIL ERADICATION FOUNDATION, INC

Chairman or Vice-Chairman

_Claude N. Burkhart_

Secretary

_Robert W. Abel_

Date 9/25/97

Signed the date hereinafter stated:


PARTY OF THE FIRST PART:


BOLL WEEVIL ERADICATION FOUNDATION OF ALABAMA, INC.

_____
Chairman or Vice Chairman

_____
Secretary

_____
Date   9/20/97

1793.910

Signed the date hereinafter stated:

PARTY OF THE FIRST PART:

~~TENNESSEE~~ BOLL WEEVIL ERADICATION FOUNDATION, INC.

OF FLORIDA,

_Jerry H. Das_
Chairman or ~~Vice~~ ~~Chairman~~

Secretary  _John M Diamond_

Date  _9/24/99_

1793.910

Signed the date hereinafter stated:

PARTY OF THE FIRST PART:

MISSISSIPPI BOLL WEEVIL MANAGEMENT CORPORATION

_Kenneth Hook, President_
President or Vice President

_Gary Martin, III_
Secretary

_9-16-97_
Date

1753.910

Signed the date hereinafter stated:

PARTY OF THE FIRST PART:

BOLL WEEVIL ERADICATION FOUNDATION OF NORTH CAROLINA, INC.

_Marshall W. Grant Chm,_
_____
Chairman or Vice Chairman

_Earl Ogle_
_____
Secretary

_9-19-97_
_____
Date

1793.910

Signed the date hereinafter stated:

PARTY OF THE FIRST PART:

BOLL WEEVIL ERADICATION FOUNDATION OF SOUTH CAROLINA, INC.

_____
Chairman or Vice Chairman

_____
Secretary

_____
Date          Sept. 15, 1997

1793.910

Signed the date hereinafter stated:

PARTY OF THE FIRST PART:

TENNESSEE BOLL WEEVIL ERADICATION FOUNDATION, INC.

_____
Chairman or ~~Vice Chairman~~

_____
Secretary

_____
Date

1793.910

## Southeastern Boll Weevil Eradication Foundation, Inc.

# Minutes of the
# Board of Directors Meeting
## Regular Session
## September 24, 1997

The meeting was called to order by Chairman Buchanan at 7:30 p.m. A roll call of members indicated a quorum was present.

Sonny Corcoran moved to approve the minutes of the previous meeting. Motion seconded by Bobby Webster and passed.

Jim Brumley was called on to report on the status of the FSA Loan and indicated that this subject should be addressed in executive session.

Charles Parker, representing the recently formed Missouri Boll Weevil Eradication Board, indicated that this group had voted favorably to join the Southeastern Boll Weevil Eradication Foundation, Inc. and requested the Foundation consider this application. He stated that Missouri has six counties producing cotton in the southeastern portion of the state adjacent to cotton production areas of Arkansas and Tennessee. There are 360,000 acres in 1997, with production in the past of up to 400,000 acres with a similar amount in northeast Arkansas, which is not included in their current referendum. Missouri plans to hold a referendum in the fall of 1998 for a program to begin in the year 2000.

Bill Dickerson made the following motion: *"That Missouri be invited to become an ex-officio member of the SEBWEF, Inc. with the understanding that they will become a full member of the SEBWEF, Inc. when they are prepared to implement an active eradication program."* The motion further proposed that the Missouri program begin in conjunction with the adjacent area of northeast Arkansas. Bobby Webster seconded this motion which was passed unanimously.

Lanny Brashear reported on the Technical Advisory Committee (TAC) meeting held earlier in the day. The resolution passed by the Committee *"to re-affirm the 10-ounces per acre Malathion rate to the SEBWEF, Inc. Board of Directors and amended to*

Signed the date hereinafter stated:

PARTY OF THE FIRST PART:

BOLL WEEVIL ERADICATION FOUNDATION OF GEORGIA, INC.

_R. L. Bobby Webster_
Chairman or Vice Chairman

_J. W. (Billy) Sanders_
Secretary

_9-24-97_
Date

1793.910

AGREEMENT

THIS AGREEMENT made and entered into by and between the following parties:

MISSOURI COTTON GROWERS ORGANIZATION, INC., (Hereinafter Referred to as the "Missouri Organization")

BOLL WEEVIL ERADICATION FOUNDATION OF ALABAMA, INC.

BOLL WEEVIL ERADICATION FOUNDATION OF FLORIDA, INC.

BOLL WEEVIL ERADICATION FOUNDATION OF GEORGIA, INC.

MISSISSIPPI BOLL WEEVIL MANAGEMENT CORPORATION

BOLL WEEVIL ERADICATION FOUNDATION OF NORTH CAROLINA, INC.

BOLL WEEVIL ERADICATION FOUNDATION OF SOUTH CAROLINA, INC.

TENNESSEE BOLL WEEVIL ERADICATION FOUNDATION, INC.

All of the above being non-profit corporations organized and existing under their respective State Statutes, and the

VIRGINIA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, representing VIRGINIA COTTON GROWERS; all of which are herein referred to collectively as State Foundations, party of the FIRST PART, and the

SOUTHEASTERN BOLL WEEVIL ERADICATION FOUNDATION, INC., a non-profit Alabama corporation, hereinafter referred to as the SOUTHEASTERN FOUNDATION, party of the SECOND PART.

**WHEREAS,** a Resolution (reflected in the Southeastern Foundation Minutes attached hereto as Exhibit "A") was passed and accepted by the Southeastern Foundation members that the Missouri Organization be accepted as a  member of the Southeastern Foundation upon its establishment as an organization and empowerment through a duly

conducted referendum resulting in the Missouri Organization's official certification under Missouri Revised Statutes §263.523, and

WHEREAS, the Missouri Cotton Growers Organization, Inc., has been so certified and a referendum has been conducted in keeping with Missouri Revised Statutes §§263.500, et seq., with a successful outcome in favor of conducting boll weevil eradication activities, and

WHEREAS, there is already an existing Agreement between other states' Foundations, Organizations and Agencies and the Southeastern Foundation (attached hereto as Exhibit "B") which the Missouri Organization and the Southeastern Foundation desire to and hereby do adopt, ratify and incorporate herein, and

WHEREAS, there is a cooperative Federal-State Program designated as the BOLL WEEVIL ERADICATION PROGRAM designed to eradicate and contain the boll weevil (anthonomus grandis Boheman) as an economic cotton pest within the states represented by the party of the FIRST PART, and

WHEREAS, there is a need to provide proper cooperation between the various States represented by party of the FIRST PART and to cooperate with USDA-APHIS-PPQ in implementing and operating said program, it is hereby agreed as follows:

I.

It is understood and agreed by party of the FIRST PART and party of the SECOND PART that this Agreement applies only to those cotton producing counties within the states represented by the State Foundations which have (1) had successful grower referendums;

2

(2) have requested participation under this Agreement; (3) such participation has been accepted by the Southeastern Foundation; and (4) obtained federal funding.

II.

(A)    The State Foundations agree that such projected funds necessary to carry out Program requirements within each state shall be assessed by each State Foundation on an annual basis after consultation with the Southeastern Foundation and that such funds shall be promptly remitted to the Southeastern Foundation as invoiced by the Southeastern Foundation on a monthly billing basis.

(B)    Should an individual State Foundation fail to collect 100% of any year's projected funds, such shortfall shall be added to the following year's projected funds, such shortfall shall be added to the following year's projected funds and promptly remitted to the Southeastern Foundation upon collection.

(C)    Should actual cost exceed state assessment levels, such effected State Foundation will exert every effort in good faith to increase the state assessment levels sufficient to cover actual cost.

(D)    Funds so remitted shall become the property of the Southeastern Foundation, and the State Foundations shall not be liable for any acts, actions or omissions by the Southeastern Foundation, or for the use of said funds, or the operation of the Southeastern Boll Weevil Eradication Foundation, Inc.

(E)    All parties hereto agree that buffer zone costs shall be a joint expense oft eh parties of the First Part.

3

III.

Post eradication states may conduct their individual state programs, provided such programs meet the criteria as established by the Southeastern Boll Weevil Eradication Foundation, Inc.

IV.

The Southeastern Foundation shall act as the operating organization on behalf of the State Foundations in implementing and carrying out the Boll Weevil Eradication Program within each individual state in accordance with those certain "Cooperative Agreements" between the Southeastern Foundation and USDA/APHIS/PPQ.

V.

The Southeastern Foundation shall be the operating and cooperating entity between the participating States in working with the United States Department of Agriculture, Animal and Plant Health Inspection Service, Plant Protection and Quarantine, for implementation and execution of the Federal-State Boll Weevil Eradication Program, and as such may in cooperation with USDA/APHIS/PPQ:

a.    contract for pesticide application services

b.    disperse payment for other supplies or services

c.    may enter into cooperative agreements with other organizations or agencies in the individual states and agencies of the Federal Government

4

d.   Southeastern Foundation is empowered to borrow funds, assign funds and enter into contracts necessary to carry out the Boll Weevil Eradication Program.   No State Foundation shall be liable for any debt or other obligation incurred by the Southeastern Foundation.

## VI.

The Southeastern Foundation hereby agrees that its Board of Directors in accordance with its By-Laws shall be composed of three (3) Board Members, one Regulatory, two Growers, from each of the aforementioned States and that said Directors shall be elected by each individual State Foundation.   The Southeastern Foundation further agrees that a quorum for any Southeastern Foundation Board meeting shall consist of at least fifty percent (50%) of the Directors thereto.

## VII.

The Chairman and Vice Chairman of the Southeastern Foundation shall be elected by the Board of Directors of the Southeastern Foundation for a term of one (1) year.   The Southeastern Foundation is authorized to hire such executive officers and employees as are necessary to conduct the activities of the Boll Weevil Eradication Program.   Those Officers, Directors, or employees who are intrusted with Southeastern Foundation funds shall be bonded, the cost of which shall be paid by the Southeastern Foundation.

VIII.

The Southeastern Foundation agrees to establish an "Executive Committee" to act on behalf of the Board of Directors between Board meetings in accordance with the By-Laws of the Southeastern Boll Weevil Eradication Foundation, Inc.  The Chairman and Vice Chairman of the Southeastern Foundation shall serve as Chairman and Vice Chairman of the Executive Committee.

IX.

The Southeastern Foundation shall develop a Program Work Plan and Program Financial Plan and such other documents and procedures necessary to carry out in an efficient manner the Boll Weevil Eradication Program.

The Southeastern Foundation further agrees to the following:

1.     In accordance with that certain Cooperative Agreement between the Southeastern Foundation and USDA/APHIS/PPQ, Southeastern Foundation's employees shall be responsible to and under the direction of the Chairman of Southeastern Foundation and its Board of Directors as well as the Program Director for USDA/APHIS and the Executive Director of the Southeastern Foundation.    The Executive Director shall work with USDA/APHIS/PPQ in the day-to-day management of the Program.

2.     In cooperation with USDA/APHIS/PPQ, provide permanent and temporary field and office personnel to conduct Program activities.

3.    In cooperation with USDA/APHIS/PPQ, organize educational and informational meetings for cotton growers as needed, and assist in the resolution of disputes between growers and the Program.

4.    In cooperation with USDA/APHIS/PPQ, solicit bids and issue contracts for pesticide purchases, aerial application of pesticides, and other materials or services as may be needed for Program operation.

5.    To account for Southeastern program funds, including the contribution provided by USDA/APHIS/PPQ, and to provide for payment of employees. Maintain a computer database of all funds collected and expended, and provide a detailed financial accounting of such funds on a monthly basis.

6.    Provide USDA/APHIS/PPQ with a quarterly listing of total acreage in the Program, assessments and contributions received, and assessments and contributions in arrears.

7.    Provide traps to the Program from molds and other equipment.

8.    Provide computer capabilities to collect statistical data.

9.    Assist USDA/APHIS/PPQ with storage and maintenance of Program equipment between seasons.

10.   In cooperation with USDA/APHIS/PPQ, maintain a mailing list of all cotton farmers in Program areas, and prepare a timely newsletter to inform all affected cotton farmers of Program activities.

## X.

Southeastern Foundation further agrees to implement a Technical Committee, the size and composition of which shall be determined by the Board of Directors of the Southeastern Foundation.

## XI.

Southeastern Foundation Directors and Officers shall be reimbursed by the Southeastern Foundation for reasonable expense incurred in the performance of their official duties. These include the reimbursement for meals, lodging and travel expenses at a rate established by the Board of Directors. No reimbursement in any form will be paid to State, Federal and/or University employees who are Southeastern Foundation Directors without prior approval of the Board of Directors.

## XII.

The Boll Weevil Eradication Foundation of North Carolina, Inc., hereby agrees to share with the Southeastern Foundation and each state Foundation individually, trap production molds and tools, owned by the Boll Weevil Eradication Foundation of North Carolina, Inc., at its cost.

## XIII.

This Agreement shall become effective and in full force upon the completion of the execution by the Missouri Organization and the Southeastern Foundation.

8

XIV.

State Foundation may terminate their participation under this agreement by gibing written notice to all parties hereto not less than 12 months prior to October 1st of any year, providing all outstanding financial obligations due by said State to the Southeastern Boll Weevil Eradication Foundation, Inc., have been satisfied and providing further that such termination under this Article is with the express written consent and within the discretion of the Farm Service Agency, United States Department of Agriculture, Washington, D.C., or its successor agency, as long as any indebtedness is due the United States of America for a loan made under the Boll Weevil Eradication Loan Program pursuant to 7 C.F.R. §1941.970, et seq., to the Southeastern Boll Weevil Eradication Foundation, Inc.

XV.

This Agreement shall be construed in accordance with the Laws of the State of Alabama.

Signed the date and place hereinafter stated:

PARTIES OF THE FIRST PART:

MISSOURI COTTON GROWERS ORGANIZATION, INC.

CHARLES PARKER
PRESIDENT

9

THOMAS E. "JAKE" FISHER
Secretary

PARTY OF THE SECOND PART:

THE SOUTHEASTERN BOLL WEEVIL ERADICATION FOUNDATION, INC.

Chairman or Vice Chairman

Secretary

JANUARY 24, 2001
Date

Montgomery AL
Place

10

CERTIFIED RESOLUTION OF THE
BOARD OF DIRECTORS
OF
THE SOUTHEASTERN BOLL WEEVIL ERADICATION FOUNDATION, INC.

I, _Robert W. Alred_____, do hereby certify that I am the duly elected

and qualified Secretary and the keeper of the records of The Southeastern Boll Weevil

Eradication Foundation, Inc., a corporation organized and existing under the laws of the

State of Alabama, and that the following is a true and correct copy of a Resolution duly

adopted at a meeting of the Board of Directors thereof, convened and held in accordance

with the law and the By-laws of said corporation on the _19th_ day of _JAN___, _2001_,

and that the said Resolution is now in full force and effect:

"BE IT RESOLVED, that the Board of Directors of The Southeastern Boll
Weevil Eradication Foundation, Inc., setting at its meeting of
_1/19/01___, does hereby authorize the Chairman or Vice Chairman of
said corporation to enter into that certain Agreement between the
Southeastern Boll Weevil Eradication Foundation, Inc., and the state
Foundations of Alabama, Florida, Georgia, Mississippi, North Carolina,
South Carolina, Tennessee, Missouri, and Virginia Department of Agriculture
and Consumer Services, to operate the Boll Weevil Eradication and
Containment Programs therein."

"BE IT FURTHER RESOLVED, that the Secretary of this corporation be and
is authorized to certify a copy of this Resolution for all legal purposes, and
that this Resolution shall supersede all preceding resolutions relative
thereto."

I further certify that this Resolution is within the power of the Board of Directors to

pass as provided in the Charter and By-laws of this corporation .



EXHIBIT

A

IN WITNESS WHEREOF, I have hereunto affixed my name as Secretary of said corporation to the hereto affixed this ___19___ day of ___JAN___ , ___2001___ .

_____
Secretary

I, ___Guy W KARR___ , a Director of said corporation, do hereby certify that the foregoing is a correct copy of said Resolution passed as herein set forth.

___19-Jan-2001___
Date

_____
Director

14

CERTIFIED RESOLUTION OF THE
BOARD OF DIRECTORS
OF
MISSOURI COTTON GROWERS ORGANIZATION, INC.,

I, Thomas E. "Jake" Fisher, do hereby certify that I am the duly elected and qualified

Secretary and the keeper of the records of the Missouri Cotton Growers Organization, Inc.,

a corporation organized and existing under the laws of the State of ~~Alabama~~ Missouri, and that the

following is a true and correct copy of a Resolution duly adopted at a meeting of the Board

of Directors thereof, convened and held in accordance with the law and the By-laws of said

corporation on the 23rd day of January, 2001, and that the said Resolution is now

in full force and effect:

> "BE IT RESOLVED, that the Missouri Board of Directors of the Missouri
> Cotton Growers Organization, Inc., setting at its meeting of
> Jan. 23, 2001, does hereby authorize the President or Vice President of
> said corporation to enter into that certain Agreement with the Southeastern
> Boll Weevil Eradication Foundation, Inc., to operate the Boll Weevil
> Eradication and Containment Programs in Missouri."

> "BE IT FURTHER RESOLVED, that the Secretary of this corporation be and
> is authorized to certify a copy of this Resolution for all legal purposes, and
> that this Resolution shall supersede all preceding resolutions relative
> thereto."

I further certify that this Resolution is within the power of the Board of Directors to

pass as provided in the Charter and By-laws of this corporation .

11

IN WITNESS WHEREOF, I have hereunto affixed my name as Secretary of said corporation to the hereto affixed this _23rd_ day of _January, 2001_.

_Thomas E. Jackson_
Secretary

I, _David Blakemore_, a Director of said corporation, do hereby certify that the foregoing is a correct copy of said Resolution passed as herein set forth.

_January 25, 2001_
Date

_David Bla_
Director

12

# *Boll Weevil Eradication Foundation of Georgia, Inc.*

August 9, 2005

**VIA CERTIFIED MAIL**
Mr. Guy W. Carr, Registered Agent
Southeastern Boll Weevil Eradication Foundation, Inc.
2119 East South Boulevard, Suite 204
Montgomery, Alabama 36116

Re: Termination of Participation

Dear Mr. Carr,

This letter is to inform you that at its meeting on August 3, 2005, the Boll Weevil Eradication Foundation of Georgia, Inc. (Georgia Foundation) voted to terminate its participation in the Southeastern Boll Weevil Eradication Foundation Inc. (Southeastern Foundation) effective September 1, 2005.

As you are aware the Georgia Foundation first gave the Southeastern Foundation notice of its intent to terminate its participation on February 22, 2002. Later on October 1, 2003, the Georgia Foundation gave you "standing notice" of its intent to terminate its participation.

The Georgia Foundation will pay all reasonable payroll expenses for all those Southeastern employees assigned to the Georgia area as of August 3, 2005 through August 31, 2005. The Georgia Foundation will be offering employment with the Georgia Foundation to all Southeastern employees presently working in Georgia with a starting date of September 1, 2005.

The Georgia Foundation will also pay all reasonable direct expenses related to the operation of the Georgia Foundation through August 31, 2005.

We look forward to your cooperation to make the transition for all those Southeastern Foundation employees who accept employment with the Georgia Foundation as seamless as possible.

Sincerely,

Herbert Price

Chairman

Cc:    Allen King, Chairman of the Board, SEBWEF, Inc.
       Jim Brumley, Executive Director, SEBWEF, Inc.



EXHIBIT
**B**