IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| SOUTHEASTERN BOLL WEEVIL ERADICATION FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> BOLL WEEVIL ERADICATION FOUNDATION OF GEORGIA, INC.; TOMMY IRVIN in his capacity as TRUSTEE OF BOLL WEEVIL ERADICATION FOUNDATION OF GEORGIA, INC. <br><br> Defendants. | Civil Action No. CV-06-756-MHT <br><br><br> Plaintiff Demands Trial <br> By Struck Jury on All <br> Counts and Claims |

### AMENDED COMPLAINT

1. Plaintiff, Southeastern Boll Weevil Eradication Foundation (hereinafter "SEBWEF"), consists of individual eradication organizations in member states ranging from Virginia to Mississippi, which are organized for the common purpose of containing and eradicating the boll weevil population. SEBWEF is a non-profit corporation organized and incorporated under the laws of the State of Alabama and having its principle place of business in Montgomery, Alabama. SEBWEF is therefore a citizen of the State of Alabama under 28 U.S.C. § 1332(c).

2. Defendant, Boll Weevil Eradication Foundation of Georgia, Inc. (hereinafter "Georgia BWEF"), a member of the SEBWEF, is a non-profit corporation organized and incorporated under the laws of the State of Georgia and having its principle place of business in

Georgia. Georgia BWEF is therefore a citizen of the State of Georgia under 28 U.S.C. § 1332(c).

3. Defendant, Georgia BWEF, has purposefully availed itself of the protection and laws of the State of Alabama and established extensive contacts in the State of Alabama, by, *inter alia*, conducting business, attending meetings, and fulfilling the general duties of an active member of an Alabama non-profit corporation.

4. Defendant, Tommy Irvin, is the trustee of the funds of Georgia BWEF, and upon information and belief, a resident and citizen of the State of Georgia. Tommy Irvin is therefore a citizen of the State of Georgia under 28 U.S.C. § 1332(c).

5. Defendant, Tommy Irvin, has purposefully availed himself of the protection and laws of the State of Alabama and established extensive contacts in the State of Alabama, by, *inter alia*, sending representatives to Alabama on numerous occasions for the purpose of conducting business, attending meetings, auditing accounting records, and having in the past satisfied Georgia BWEF's commitments as a member of SEBWEF, an Alabama non-profit corporation.

## JURISDICTION

6. Subject matter jurisdiction is proper in federal court based on diversity jurisdiction.

7. The Plaintiff, an Alabama non-profit corporation, is a citizen of the State of Alabama, and all of the Defendants are citizens of the State of Georgia.

8. The amount in controversy exceeds $75,000 exclusive of interest and costs.

## COUNT I - BREACH OF CONTRACT

9. Plaintiff adopts by reference and re-alleges paragraphs 1-8 of Plaintiff's Complaint as if set out fully herein.

10. In 1997, SEBWEF's members, including Georgia BWEF, entered into a cooperative agreement with SEBWEF, whereby SEBWEF agreed to implement and operate a program designed to eradicate and control the boll weevil population in Georgia in exchange for payment of costs and expenses including, but not limited to, annual dues. Georgia BWEF signed the 1997 agreement and abided by its terms without challenging it between 1997 and 2004. A copy of the 1997 cooperative agreement is marked "Exhibit A" and attached hereto.

11. On or about August 10, 2005, Georgia BWEF announced its desire to terminate its membership in SEBWEF. A copy of the letter titled "Termination of Participation" is marked "Exhibit B" and attached hereto.

12. Under the terms of the 1997 cooperative agreement, "[Georgia BWEF] may terminate [its] participation under this agreement by giving written notice to all parties hereto not less than 12 months prior to October 1st of any year, *providing all outstanding financial obligations due Southeastern Boll Weevil Eradication Foundation, Inc. have been satisfied....*"

13. Rather than "giving written notice to all parties ... not less than 12 months prior to October 1st," Georgia BWEF sought to terminate its membership effective for the coming year by providing insufficient notice on August 10, 2005, a full 10 months and 10 days late.

14. Rather than ensuring "all outstanding financial obligations due ... have been satisfied," Georgia BWEF breached its agreement with SEBWEF by failing or refusing to pay

money owed to SEBWEF, which includes, *inter alia*, old debt, Georgia BWEF's share of an FSA loan payment, and the buffer zone costs.

15. In addition to other outstanding financial obligations, Georgia BWEF is also currently in breach of the 1997 cooperative agreement for failing or refusing to pay its dues through October 1, 2006.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendants in the amount of no less than $5,475,699.00 plus interest, costs, attorneys fees, and such other and further relief as shall be ordered by this Court.

## COUNT II - UNJUST ENRICHMENT

16. Plaintiff adopts by reference and re-alleges paragraphs 1-15 of Plaintiff's Complaint as if set out fully herein.

17. Plaintiff provided products and services to Georgia BWEF, including, but not limited to, buffer zone protection from boll weevil reinfestation valued at no less than $5,475,699.00.

18. Georgia BWEF did not pay for those products and services and was, therefore, unjustly enriched.

19. It would be unjust and inequitable to allow Georgia BWEF to avoid paying for the products and services provided by SEBWEF.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendants for $5,475,699.00 plus interest, costs, and attorneys fees, and such other and further relief as shall be ordered by this Court.

## COUNT III - MONEY OWED

20. Plaintiff adopts by reference and re-alleges paragraphs 1-19 of Plaintiff's Complaint as if set out fully herein.

21. As a member of SEBWEF, Georgia BWEF owes membership dues, costs and fees, buffer zone costs, and other unpaid obligations.

22. To date, Georgia BWEF has still not paid its past due and unpaid membership dues, costs and fees, buffer zone costs, and other unpaid obligations.

23. Tommy Irvin, as trustee of the funds of Georgia BWEF, is responsible for the payment of membership dues, costs and fees, buffer zone costs, and other obligations on Georgia BWEF's behalf.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendants in the amount of no less than $5,475,699.00 plus interest, costs, attorneys fees, and such other and further relief as shall be ordered by this Court.

## COUNT IV - BREACH OF FIDUCIARY DUTY

24. Plaintiff adopts by reference and re-alleges paragraphs 1-23 of Plaintiff's Complaint as if set out fully herein.

25. Tommy Irvin, as trustee of the funds of Georgia BWEF, is authorized to receive, collect, hold in trust, and disburse all collected assessments and funds of Georgia BWEF.

26. Georgia BWEF sought to terminate its membership without satisfying its outstanding financial obligations.

27. Once Georgia BWEF sought to terminate its membership with SEBWEF, Tommy Irvin, in his fiduciary capacity as trustee of the funds of Georgia BWEF, was responsible for using funds to wind up the relationship between Georgia BWEF and SEBWEF and pay Georgia BWEF's obligations.

28. By failing to utilize the funds to satisfy Georgia BWEF's obligations, Tommy Irvin has breached his fiduciary duty as trustee of the funds of Georgia BWEF.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendant in the amount of no less than $5,475,699.00 or in the alternative, prays for an order directing him to pay over funds held in trust in said amount to SEBWEF.

## COUNT V-DECLARATORY AND INJUNCTIVE RELIEF

29. Plaintiff adopts by reference and re-alleges paragraphs 1-28 of Plaintiff's Complaint as if set out fully herein.

30. As a member of SEBWEF, Georgia BWEF has an obligation to abide by the terms of the 1997 cooperative agreement. Specifically, paragraph XIV of the 1997 cooperative agreement provides, "[Georgia BWEF] may terminate [its] participation under this agreement by giving written notice to all parties hereto not less than 12 months prior to October 1st of any year, *providing all outstanding financial obligations due Southeastern Boll Weevil Eradication Foundation, Inc. have been satisfied....*"

31. Georgia BWEF has taken the position that it is not bound by the 1997 cooperative agreement, and it has attempted to withdraw its membership from SEBWEF without providing

sufficient notice and without satisfying all outstanding financial obligations that it owes to SEBWEF.

32. Tommy Irvin, as trustee of the funds of Georgia BWEF, is authorized to receive, collect, hold in trust, and disburse all collected assessments and funds of Georgia BWEF. Additionally, he is required to pay out funds for existing obligations and for winding up the relationship between SEBWEF and Georgia BWEF. He has not fulfilled his obligations.

33. There is a significant risk that trust funds may be withdrawn, hidden, or spent, rather than used to pay Georgia BWEF's obligations to SEBWEF, thereby irreparably harming SEBWEF and SEBWEF's ability to recover funds due to it.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendants in the form of declaratory relief (1) defining (a) Georgia BWEF's obligations under the 1997 Cooperative Agreement and 2001 Amendment, and (b) Tommy Irvin's obligations as trustee of the funds of Georgia BWEF; (2) imposing such obligations; and (3) enjoining Tommy Irvin from dispensing funds equaling the obligations owed by Georgia BWEF, and kept in trust for the Georgia BWEF, to any person or entity other than SEBWEF until this Court can declare the parties' obligations under the Cooperative Agreements.

_____
D. MITCHELL HENRY (HEN046)
Attorneys for Plaintiffs

OF COUNSEL:
WEBSTER, HENRY, LYONS & WHITE, P.C.
Post Office Box 239
Montgomery, Alabama 36101-0239
Telephone: (334) 264-9472
Facsimile: (334) 264-9599

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS AND CLAIMS.**

_____
OF COUNSEL

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by placing same in the U.S. Mail, properly addressed and first-class postage prepaid on this the 13th day of September, 2006.

Tommy Irvin
Georgia Commissioner of Agriculture
19 Martin Luther King Dr., SW
Atlanta, GA 30334

Mike Evans
Registered Agent for the Boll Weevil
Eradication Foundation of Georgia, Inc.
243 Agriculture Building
Atlanta, GA 30334

_____
OF COUNSEL