IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| SOUTHEASTERN BOLL WEEVIL ERADICATION FOUNDATION,<br><br>    Plaintiff,<br>v.<br><br>BOLL WEEVIL ERADICATION FOUNDATION OF GEORGIA, INC.; TOMMY IRVIN in his capacity as TRUSTEE OF BOLL WEEVIL ERADICATION FOUNDATION OF GEORGIA, INC.<br><br>    Defendants. | Civil Action No. CV-06-756-MHT |

**SOUTHEASTERN BOLL WEEVIL ERADICATION FOUNDATION'S
ANSWER TO COUNTER-CLAIM OF
BOLL WEEVIL ERADICATION FOUNDATION OF GEORGIA, INC.**

COMES NOW the Plaintiff/Counterclaim Defendant, Southeastern Boll Weevil Eradication Foundation (hereinafter "Southeastern Foundation") and for Answer to the Counterclaim of Defendant/Counterclaim Plaintiff, Boll Weevil Eradication Foundation of Georgia, Inc. (hereinafter "Georgia Foundation") states as follows:

**PARTIES**

1.    Pursuant to the Secretary of State for Georgia, the principal office for Georgia Foundation is at 243 Agriculture Building, Atlanta, Georgia 30334. Southeastern Foundation admits the rest and remaining material allegations contained in paragraph 1 of Georgia Foundation's Counterclaim.

2. Southeastern Foundation denies the material allegations contained in paragraph 2 of Georgia Foundation's Counterclaim and demands strict proof thereof.

3. Southeastern Foundation's principal place of business has moved to Tallassee, Tallapoosa County, Alabama. Southeastern Foundation admits the rest and remaining material allegations contained in paragraph 3 of Georgia Foundation's Counterclaim.

4. Southeastern Foundation admits the material allegations contained in paragraph 4 of Georgia Foundation's Counterclaim.

5. Southeastern Foundation admits the material allegations contained in paragraph 5 of Georgia Foundation's Counterclaim.

6. Southeastern Foundation denies the material allegations contained in paragraph 6 of Georgia Foundation's Counterclaim and demands strict proof thereof.

## JURISDICTION

7. Southeastern Foundation admits the material allegations contained in paragraph 7 of Georgia Foundation's Counterclaim.

8. Southeastern Foundation admits the material allegations contained in paragraph 8 of Georgia Foundation's Counterclaim.

9. Southeastern Foundation admits the material allegations contained in paragraph 9 of Georgia Foundation's Counterclaim.

10. Southeastern Foundation denies that the quoted provisions of the 1997 agreement are the only source of obligation for the Georgia Foundation to provide funds to the Southeastern Foundation. The Southeastern Foundation admits that cited provisions from the 1997 agreement are properly quoted.

11. Southeastern Foundation denies the material allegations contained in paragraph 11 of Georgia Foundation's Counterclaim and demands strict proof thereof.

12. Southeastern Foundation denies the material allegations contained in paragraph 12 of Georgia Foundation's Counterclaim and demands strict proof thereof.

13. Southeastern Foundation denies the material allegations contained in paragraph 13 of Georgia Foundation's Counterclaim and demands strict proof thereof.

14. Southeastern Foundation has insufficient information to either admit or deny the material allegations contained in paragraph 14 of Georgia Foundation's Counterclaim.

15. Southeastern Foundation has insufficient information to either admit or deny the material allegations contained in paragraph 15 of Georgia Foundation's Counterclaim.

16. Southeastern Foundation denies the material allegations contained in paragraph 16 of Georgia Foundation's Counterclaim and demands strict proof thereof.

17. Southeastern Foundation denies the material allegations contained in paragraph 17 of Georgia Foundation's Counterclaim and demands strict proof thereof.

18. Southeastern Foundation denies the material allegations contained in paragraph 18 of Georgia Foundation's Counterclaim and demands strict proof thereof.

19. Southeastern Foundation denies the material allegations contained in paragraph 19 of Georgia Foundation's Counterclaim and demands strict proof thereof.

20. Southeastern Foundation denies the material allegations contained in paragraph 20 of Georgia Foundation's Counterclaim and demands strict proof thereof.

21. Southeastern Foundation denies the material allegations contained in paragraph 21 of Georgia Foundation's Counterclaim and demands strict proof thereof.

22. Southeastern Foundation denies the material allegations contained in paragraph 22 of Georgia Foundation's Counterclaim and demands strict proof thereof.

23. Southeastern Foundation denies the material allegations contained in paragraph 23 of Georgia Foundation's Counterclaim and demands strict proof thereof.

24. Southeastern Foundation denies the material allegations contained in paragraph 24 of Georgia Foundation's Counterclaim and demands strict proof thereof.

25. Southeastern Foundation denies the material allegations contained in paragraph 25 of Georgia Foundation's Counterclaim and demands strict proof thereof.

26. Southeastern Foundation denies the material allegations contained in paragraph 26 of Georgia Foundation's Counterclaim and demands strict proof thereof.

27. Southeastern Foundation denies the material allegations contained in paragraph 27 of Georgia Foundation's Counterclaim and demands strict proof thereof.

28. Southeastern Foundation denies the material allegations contained in paragraph 28 of Georgia Foundation's Counterclaim and demands strict proof thereof.

29. Southeastern Foundation denies the material allegations contained in paragraph 29 of Georgia Foundation's Counterclaim and demands strict proof thereof.

30. Southeastern Foundation denies the material allegations contained in paragraph 30 of Georgia Foundation's Counterclaim and demands strict proof thereof.

31. Southeastern Foundation denies the material allegations contained in paragraph 31 of Georgia Foundation's Counterclaim and demands strict proof thereof.

32. Southeastern Foundation denies the material allegations contained in paragraph 32 of Georgia Foundation's Counterclaim and demands strict proof thereof.

33.     Southeastern Foundation denies the material allegations contained in paragraph 33 of Georgia Foundation's Counterclaim and demands strict proof thereof.

34.     Southeastern Foundation denies the material allegations contained in paragraph 34 of Georgia Foundation's Counterclaim and demands strict proof thereof.

35.     Southeastern Foundation denies the material allegations contained in paragraph 35 of Georgia Foundation's Counterclaim and demands strict proof thereof.

36.     Southeastern Foundation denies that it has objected to the Georgia Foundation properly withdrawing from the Southeastern Foundation, per the terms of the 1997 agreement. The Southeastern Foundation has objected to the Georgia Foundation withdrawing without paying its obligations, properly giving notice and complying with all of the terms and conditions of withdrawal.

37.     Southeastern Foundation denies the material allegations contained in paragraph 37 of Georgia Foundation's Counterclaim and demands strict proof thereof.

38.     Southeastern Foundation denies the material allegations contained in paragraph 38 of Georgia Foundation's Counterclaim and demands strict proof thereof.

## COUNT I

39.     Southeastern Foundation adopts and incorporates each and every preceding answer, response and denial to Georgia Foundation's allegations, separately and severally, as if specifically set forth herein.

40.     Southeastern Foundation admits the material allegations contained in paragraph 40 of Georgia Foundation's Counterclaim.

41. Southeastern Foundation denies the material allegations contained in paragraph 41 of Georgia Foundation's Counterclaim and demands strict proof thereof.

42. Southeastern Foundation denies the material allegations contained in paragraph 42 of Georgia Foundation's Counterclaim and demands strict proof thereof.

43. Southeastern Foundation denies the material allegations contained in paragraph 43 of Georgia Foundation's Counterclaim and demands strict proof thereof.

**COUNT II**

44. Southeastern Foundation adopts and incorporates each and every preceding answer, response and denial to Georgia Foundation's allegations, separately and severally, as if specifically set forth herein.

45. Southeastern Foundation denies the material allegations contained in paragraph 45 of Georgia Foundation's Counterclaim and demands strict proof thereof.

46. Southeastern Foundation denies the material allegations contained in paragraph 46 of Georgia Foundation's Counterclaim and demands strict proof thereof.

47. Southeastern Foundation denies the material allegations contained in paragraph 47 of Georgia Foundation's Counterclaim and demands strict proof thereof.

48. Southeastern Foundation denies the material allegations contained in paragraph 48 of Georgia Foundation's Counterclaim and demands strict proof thereof.

49. Southeastern Foundation denies the material allegations contained in paragraph 49 of Georgia Foundation's Counterclaim and demands strict proof thereof.

50. Southeastern Foundation denies the material allegations contained in paragraph 50 of Georgia Foundation's Counterclaim and demands strict proof thereof.

51. Southeastern Foundation denies the material allegations contained in paragraph 51 of Georgia Foundation's Counterclaim and demands strict proof thereof.

### COUNT III

52. Southeastern Foundation adopts and incorporates each and every preceding answer, response and denial to Georgia Foundation's allegations, separately and severally, as if specifically set forth herein.

53. Southeastern Foundation denies the material allegations contained in paragraph 53 of Georgia Foundation's Counterclaim and demands strict proof thereof.

54. Southeastern Foundation denies the material allegations contained in paragraph 54 of Georgia Foundation's Counterclaim and demands strict proof thereof.

55. Southeastern Foundation denies the material allegations contained in paragraph 55 of Georgia Foundation's Counterclaim and demands strict proof thereof.

56. Southeastern Foundation denies the material allegations contained in paragraph 56 of Georgia Foundation's Counterclaim and demands strict proof thereof.

### COUNT IV

57. Southeastern Foundation adopts and incorporates each and every preceding answer, response and denial to Georgia Foundation's allegations, separately and severally, as if specifically set forth herein.

58. Southeastern Foundation denies the material allegations contained in paragraph 58 of Georgia Foundation's Counterclaim and demands strict proof thereof.

59. Southeastern Foundation denies the material allegations contained in paragraph 59 of Georgia Foundation's Counterclaim and demands strict proof thereof.

## COUNT V

60.     Southeastern Foundation adopts and incorporates each and every preceding answer, response and denial to Georgia Foundation's allegations, separately and severally, as if specifically set forth herein.

61.     Southeastern Foundation denies the material allegations contained in paragraph 61 of Georgia Foundation's Counterclaim and demands strict proof thereof.

62.     Southeastern Foundation denies the material allegations contained in paragraph 62 of Georgia Foundation's Counterclaim and demands strict proof thereof.

63.     Southeastern Foundation denies the material allegations contained in paragraph 63 of Georgia Foundation's Counterclaim and demands strict proof thereof.

64.     Southeastern Foundation denies the material allegations contained in paragraph 64 of Georgia Foundation's Counterclaim and demands strict proof thereof.

65.     Paragraph 65 of Georgia Foundation's Counterclaim is a prayer for relief and, thus, requires no response from Southeastern Foundation.  However, if an answer is deemed necessary, Southeastern Foundation denies any and all material allegations set forth in paragraph 65 of Georgia Foundation's Counterclaim and demands strict proof thereof.

## COUNT VI

66.     Southeastern Foundation adopts and incorporates each and every preceding answer, response and denial to Georgia Foundation's allegations, separately and severally, as if specifically set forth herein.

67.     Southeastern Foundation denies the material allegations contained in paragraph 67 of Georgia Foundation's Counterclaim and demands strict proof thereof.

68. Southeastern Foundation denies the material allegations contained in paragraph 68 of Georgia Foundation's Counterclaim and demands strict proof thereof.

69. Southeastern Foundation denies the material allegations contained in paragraph 69 of Georgia Foundation's Counterclaim and demands strict proof thereof.

70. Southeastern Foundation denies the material allegations contained in paragraph 70 of Georgia Foundation's Counterclaim and demands strict proof thereof.

71. Paragraph 71 of Georgia Foundation's Counterclaim is a prayer for relief and, thus, requires no response from Southeastern Foundation. However, if an answer is deemed necessary, Southeastern Foundation denies any and all material allegations set forth in paragraph 71 of Georgia Foundation's Counterclaim and demands strict proof thereof.

The last paragraph and subsections thereto, of Georgia Foundation's Counterclaim is a prayer for relief and, thus, requires no response from Southeastern Foundation. However, if an answer is deemed necessary, Southeastern Foundation denies any and all material allegations set forth in the last paragraph of Georgia Foundation's Counterclaim, together with the subsections thereto, and demands strict proof thereof.

72. Southeastern Foundation pleads not guilty.

73. Southeastern Foundation denies that it was guilty of any breach of fiduciary duty.

74. Southeastern Foundation denies that it was guilty of any breach of contract.

75. Southeastern Foundation denies that it was guilty of any misrepresentation.

76. Southeastern Foundation denies that it was guilty of conversion.

77.     Southeastern Foundation denies that it was guilty of misappropriating money or misspending money.

## FIRST DEFENSE

Georgia Foundation's Counterclaim fails to state a claim upon which relief can be granted against Southeastern Foundation.

## SECOND DEFENSE

Georgia Foundation has failed to mitigate its injuries and damages, if any.

## THIRD DEFENSE

The Southeastern Foundation pleads that the Georgia Foundation lacked justifiable reliance.

## FOURTH DEFENSE

Georgia Foundation assumed the risk of the injuries and damages, if any, complained of in the Counterclaim filed herein which would also bar recovery against Southeastern Foundation.

## FIFTH DEFENSE

Southeastern Foundation's conduct was not the proximate cause of any injuries and damages to Georgia Foundation.

**SIXTH DEFENSE**

Georgia Foundation's injuries and damages, if any, are the result of an independent intervening cause.

**SEVENTH DEFENSE**

Georgia Foundation's claims, in part or in whole, are barred by the applicable Statute of Limitations.

**EIGHTH DEFENSE**

Southeastern Foundation pleads the general issue.

**NINTH DEFENSE**

Southeastern Foundation pleads the defense of justification.

**TENTH DEFENSE**

Southeastern Foundation pleads the defenses of laches, waiver, and estoppel.

**ELEVENTH DEFENSE**

Southeastern Foundation pleads the defense of impossibility.

**TWELFTH DEFENSE**

Southeastern Foundation pleads the equitable defense of unclean hands.

**THIRTEENTH DEFENSE**

Southeastern Foundation pleads the defense of noncompliance by Georgia Foundation.

**FOURTEENTH DEFENSE**

Southeastern Foundation pleads the provisions and terms of the contract between the parties.

**FIFTEENTH DEFENSE**

Southeastern Foundation pleads prior breach by Georgia Foundation.

**SIXTEENTH DEFENSE**

The Southeastern Foundation pleads that the Georgia Foundation did not reasonably rely upon any alleged misrepresentation.

**SEVENTEENTH DEFENSE**

Southeastern Foundation pleads accord and satisfaction.

**EIGHTEENTH DEFENSE**

Any claims made by the Georgia Foundation are offset and superseded by those claims made by the Southeastern Foundation.

**NINETHEENTH DEFENSE**

Southeastern Foundation pleads failure of consideration.

**TWENTIETH DEFENSE**

Southeastern Foundation pleads the failure of a condition precedent or subsequent.

**TWENTY-FIRST DEFENSE**

To the extent Georgia Foundation's claims may invoke punitive damages, they violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)   The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against This Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(d)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due

    Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and,

(g)   The procedure pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

(h)   The Plaintiffs' claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

  (1)   It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil defendant upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

  (2)   The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against This Defendant;

  (3)   The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

  (4)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

  (5)   The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(i)   The Plaintiffs' attempt to impose punitive or extra-contractual damages on This Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

(j)   The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(k)   The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15, of

       the Constitution of Alabama.

(l)    The award of punitive damages against This Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code, Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution and Article, Section 6, of the Alabama Constitution.

### TWENTY-SECOND DEFENSE

To the extent that Georgia Foundation's Counterclaim seeks to make Southeastern Foundation liable for punitive damages. The United States Supreme Court has reversed the Alabama Supreme Court in the case styled <u>BMW of North America, Inc. v. Gore</u>, 116 S.Ct. 1589 (1996) on the issues of punitive damages. Southeastern Foundation adopts by reference whatever defenses, criteria, limitations, and standards as mandated by the United States Supreme Court decision in that case.

### TWENTY-THIRD DEFENSE

Southeastern Foundation pleads that any punitive damages that the Georgia Foundation may recover in this case should be capped in keeping with Alabama Code Section 6-11-21 and in the spirit of the Alabama Supreme Court's recent decision in <u>Oliver v. Towns</u>, 1970312 Al. Sup. Ct.1999 WL14675 (Ala.).

**TWENTY-FOURTH DEFENSE**

Plaintiffs' demand for punitive damages is due to be struck because, on May 14, 2001, the United States Supreme Court released its decision in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.* 532 U.S. 424 (2001), holding that the amount of punitive damages, "is not really a fact 'tried' by the jury," and the right to jury trial is therefore not implicated. The court pointed to a fundamental difference between compensatory and punitive damages. Whereas compensatory damages are "essentially a factual determination," punitive damages are "an expression of moral condemnation" that essentially constitutes a conclusion of law. The court cited the Eighth Amendment in explaining that constitutional excessiveness protections apply to both criminal and civil punishments.

Such punishments should be determined by courts as a matter of law, rather than by juries as a matter of fact.

**TWENTY-FIFTH DEFENSE**

Southeastern Foundation pleads lack of standing.

**TWENTY-SIXTH DEFENSE**

Southeastern Foundation pleads truth as a defense to Georgia Foundation's allegations that false representations were made to them by Southeastern Foundation.

**TWENTY-SEVENTH DEFENSE**

Southeastern Foundation asserts breach of contract on behalf of Georgia Foundation.

## TWENTY-EIGHTH DEFENSE

Southeastern Foundation pleads unjust enrichment on behalf of Georgia Foundation.

## TWENTY-NINTH DEFENSE

Southeastern Foundation pleads its claim for money owed by Georgia Foundation.

## THIRTIETH DEFENSE

Southeastern Foundation pleads breach of fiduciary duty on behalf of Georgia Foundation.

## THIRTY-FIRST DEFENSE

Southeastern Foundation reserves the right to plead such other defenses and counterclaims as may become apparent or available during the course of litigation.

Respectfully submitted this the 11th day of October, 2006.

                                          ____/s/_Mitch Henry_____
                                        D. MITCHELL HENRY (HEN046)
                                        Attorney for Plaintiff

OF COUNSEL:
WEBSTER, HENRY, LYONS & WHITE, P.C.
Post Office Box 239
Montgomery, Alabama 36101-0239
Telephone: (334) 264-9472
Facsimile: (334) 264-9599

**CERTIFICATE OF SERVICE**

   I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by ECF or by placing same in the U.S. Mail, properly addressed and first-class postage prepaid on this the 11th day of October, 2006.


Tommy Irvin
Georgia Commissioner of Agriculture
19 Martin Luther King Dr., SW
Atlanta, GA 30334

Duke R. Groover
Groover & Childs
William H. Noland
P.O. Box 898
Macon, Georgia 31202

Jerry A. Buchanan
Benjamin A. Land
Buchanan & Land, LLP
P. O. Box 2848
Columbus, Georgia 31902

Simeon F. Penton
Kaufman & Rothfeder, P.C.
P. O. Drawer 4540
Montgomery, Alabama  36102


          _____/s/ Mitch Henry_____
          OF COUNSEL