IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SOUTHEASTERN BOLL WEEVIL ERADICATION FOUNDATION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOLL WEEVIL ERADICATION FOUNDATION OF GEORGIA, INC., and TOMMY IRVIN in his capacity as TRUSTEE of the BOLL WEEVIL ERADICATION FOUNDATION OF GEORGIA, INC., )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.<br>2:06-cv-00756-MHT-VPM |

**BRIEF IN SUPPORT OF DEFENDANT TOMMY IRVIN, COMMISSIONER, GEORGIA DEPARTMENT OF AGRICULTURE'S PRE-ANSWER MOTION TO DISMISS**

**COMES NOW,** Defendant Tommy Irvin, Commissioner of the Georgia Department of Agriculture by and through counsel, the Attorney General for the State of Georgia, and files this brief in support of his motion to dismiss.

**I. STATEMENT OF THE FACTS**

Although never mentioned once in plaintiff's Complaint, Tommy Irvin is the Commissioner of the Georgia Department of Agriculture and it is in that capacity

alone that he has any connection to this matter. Plaintiff's claims in this case arise from plaintiff's allegations that Defendant Boll Weevil Eradication Foundation of Georgia, Inc., (hereinafter "the Georgia BWEF") has breached its contractual agreement with the Southeastern Boll Weevil Eradication Foundation ("SEBWEF") by "failing or refusing to pay money owed to the SEBWEF." (Complaint ¶ 14). Not limiting its dispute to the Georgia BWEF, however, plaintiff names Commissioner Irvin as an additional defendant. (Complaint ¶ 4.)

Throughout its Complaint, plaintiff alleges that Commissioner Irvin is "trustee of the funds of [the] Georgia BWEF." (Complaint ¶¶ 4, 23, 25, and 32.) Plaintiff seeks a money judgment from Commissioner Irvin as well as prospective injunctive relief (Complaint's "Wherefore" paragraphs.)

For the reasons set forth below, Commissioner Irvin respectfully requests that he be dismissed from this action based upon the lack of plaintiff's standing to sue him, lack of personal jurisdiction, Eleventh Amendment immunity, and plaintiff's failure to state a claim upon which relief can be granted against the Commissioner.

## II. ARGUMENT AND CITATION OF AUTHORITY

Notwithstanding the low threshold plaintiff is given to withstand a motion to dismiss, plaintiff's attempt to sue Commissioner Irvin is contrary to several

fundamental principles of jurisprudence and should be dismissed.  Plaintiff has failed to allege a concrete and particularized injury-in-fact that it has or will suffer as a result of an action by Commissioner Irvin and therefore has no standing to maintain this action as to the Commissioner.  Plaintiff has failed to allege sufficient facts to establish that Commissioner Irvin has purposefully availed himself of the privilege of conducting activities within the forum so as to give rise to the assertion that this court has personal jurisdiction over the Commissioner.  Plaintiff seeks monetary and injunctive relief from Commissioner Irvin prohibited by the Eleventh Amendment to the U.S. Constitution.  And, finally, plaintiff has failed to allege facts sufficient to state a valid, cognizable legal claim against Commissioner Irvin.

    A.  <u>Statutory background</u>

The creation and continued existence of the Georgia BWEF is authorized and specifically limited by Georgia law.  O.C.G.A. § 2-7-155 (c) (1).  The only role that the Commissioner of the Georgia Department of Agriculture has with regard to the Georgia BWEF is to certify that the organization meets the requirements of Georgia law (O.C.G.A. § 2-7-155 (a) and (b)), to inspect and audit the books and records of the Georgia BWEF (O.C.G.A. § 2-7-155 (a) (5)), to levy assessments on cotton growers in Georgia upon the recommendation of the

Georgia BWEF (O.C.G.A. § 2-7-156 (1)), and to "receive, collect, hold in trust, and disburse all assessments ... only upon the written authorization of the [Georgia BWEF] (O.C.G.A. § 2-7-156 (4)). Nowhere in Georgia law is the Commissioner given any authority to govern the business decisions, or act on behalf of the Georgia BWEF. *See* O.C.G.A. § 2-7-150, et. seq.

The business decisions of the Georgia BWEF are governed by a board of directors composed of six cotton growers elected by Georgia cotton growers and one employee of the Georgia Department of Agriculture, not the Georgia Agriculture Commissioner. O.C.G.A. § 2-7-155 (a) (4) and (c) (1) (B). The members of the Georgia BWEF consist of cotton growers in the State of Georgia. O.C.G.A. § 2-7-155 (a) (2). The Georgia BWEF is not a state agency and funds collected on its behalf are not state funds. O.C.G.A. § 2-7-155 (c).

B.  <u>Plaintiff lacks standing to sue Commissioner Irvin</u>

Based on the "case" or "controversy" requirement of Article III of the U.S. Constitution, it is fundamental that, in order for any person or entity to seek adjudication of a matter in federal court, that person must have "standing" to do so. *Frothingham v. Mellon*, 262 U.S. 447 (1923). An evaluation of a plaintiff's standing to sue is a "threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). This constitutional limitation is considered to be an

"irreducible minimum" requirement of law. *Bennett, et al. v. Spear, et al.*, 520 U.S. 154, 162 (1997). A party must further be able to demonstrate that it has standing in relation to each issue raised and defendant named. *See Lewis v. Casey*, 518 U.S. 343, 358, fn.6 (1996) ("standing is not dispensed in gross.").

For an individual to have standing it must be shown that that individual "suffered an 'injury in fact'--an invasion of a legally protected interest which is (a) concrete and particularized, [citations omitted] and (b) 'actual or imminent, not "conjectural" or "hypothetical," [citations omitted].' In addition, there must be a causal connection between the injury and the conduct complained of -- the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant ... . [Cite.]'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Nowhere in plaintiff's complaint is there any allegation that any action of the Commissioner has caused or will cause the SEBWEF any "actual or imminent" injury-in-fact. Plaintiff's simply states erroneously that the Commissioner "is responsible for the payment of membership dues, costs and fees, buffer zone costs, and other obligations on Georgia BWEF's behalf." (Complaint ¶ 23.) Plaintiff further states erroneously that the Commissioner "was responsible for using funds to wind up the relationship between Georgia BWEF and SEBWEF and pay Georgia BWEF's obligations." (Complaint ¶¶ 27 and 32.) Conspicuously absent

from plaintiff's complaint is any allegation that the Georgia BWEF provided the Commissioner with written authorization to pay such expenses which is the only circumstance under which the Commissioner is authorized by statute to disburse such funds.  O.C.G.A. § 2-7-156 (4).  Consequently, plaintiff has failed to demonstrate that any action or inaction of the Commissioner has caused it any cognizable injury sufficient to establish its standing to sue the Commissioner – who is a constitutional officer of the State of Georgia.  Ga. Const., Art. V, Sec. III, Para. I.

Plaintiff also makes the entirely unsupported allegation that it believes that there is "a significant risk that trust funds may be withdrawn, hidden, or spent, rather than pay Georgia BWEF's obligations to SEBWEF ... ." (Complaint ¶ 33.) This serious allegation that the Commissioner would either engage in, or be a party to, illegal activity is unsupported (and unsupportable) by any allegation in plaintiff's Complaint and, therefore, is insufficient to confer standing on plaintiff.

"[T]o have standing to obtain forward-looking relief, a plaintiff must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.  [*See City of Los Angeles v. Lyons*, 461 U.S. 95 (1983); *Church v. City of Huntsville*, 30 F.3d 1332 (11th Cir. 1994)]." *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1265 (11th Cir. 2001).  "[B]ecause injunctions regulate future conduct,

a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate - as opposed to a merely conjectural or hypothetical - threat of future injury." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)). Plaintiff's allegation is nothing more than mere (and unsubstantiated) conjecture and fails to meet the "sufficient likelihood" standard to establish standing to seek the relief requested. Therefore, plaintiff has failed to demonstrate that it has standing to sue the Commissioner in this matter, and its complaint against the Commissioner should be dismissed.

    C.  <u>The Court Lacks Personal Jurisdiction Over the Defendants</u>

On a motion to dismiss for lack of personal jurisdiction, it is the plaintiff who bears the burden of establishing the Court's jurisdiction over the Defendant. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Time Share Vacation Club v. Atlantic Resorts*, 735 F.2d 61 (3rd Cir. 1992). There are two factors for establishing personal jurisdiction over an out-of-state resident: the forum state's long-arm statute must extend jurisdiction, and the extension of that jurisdiction must not violate principles of due process. *Paolino v. Channel Home Centers*, 668 F.2d 721 (3rd Cir. 1981); *Aviles v. Kunkle*, 978 F.2d 201 (5th Cir. 1992); *Welsh v. Gibbs*, 631 F. 2d 436 (6th Cir. 1980).

Alabama's long-arm statute provides as follows:

(b) **Basis for out-of-state service**.  An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States . . .

Ala. R. Civ P. Rule 4.2 (b).

Formerly, Alabama's long arm statute contained a laundry list of the types of conduct that would subject an out-of-state defendant to personal jurisdiction in Alabama.  While the former Rule is no longer in effect, it is still instructive as to the types of conduct which establish jurisdiction in Alabama.  For example, transacting business, contracting to supply services or goods, or causing tortious injury, could result in the requisite contacts to convey jurisdiction.

In the instant case, it is clear from the face of this statute that allegations made against the Commissioner do not amount to anything falling within the scope of the Alabama long-arm statute.  Therefore, plaintiff does not allege a valid basis for the Court's exercise of personal jurisdiction over the Commissioner.  Plaintiff admits that, "upon information and belief," the Commissioner is a resident of Georgia. (Complaint ¶ 4.)  However, plaintiff then contends without support that the Commissioner has established sufficient contacts in the State of Alabama by "sending representatives to Alabama on numerous occasions for the purpose of

conducting business, attending meetings, auditing accounting records" and having satisfied the Georgia BWEF's commitments to the SEBWEF in the past. (Complaint ¶ 5.)

As noted above, however, the Commissioner is not involved in the Georgia BWEF. Rather, by statute, an employee of the Georgia Department of Agriculture, not the Commissioner, sits on the Georgia BWEF's board of directors. The Georgia BWEF enters into its own obligations and commitments with other entities without any control over those decisions exercised by the Commissioner. In addition, the Commissioner's statutory authority to disburse funds in payment of the financial obligations of the Georgia BWEF is strictly limited. He may only do so upon written request from that organization. Therefore, the Commissioner is not, solely as a result of that limited role, automatically subject to the exercise of personal jurisdiction in every forum in which the Georgia BWEF chooses to transact business.

Due process requires that a non-resident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A defendant establishes minimum contact with a forum state by committing some act by which he purposefully avails himself

of the privilege of conducting activities within the forum state, thus involving the benefits and protection of its laws.  *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240 (1958).  These contacts must be of the nature such that the individual non-resident defendant "should reasonably anticipate being hauled into court there."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 2184 (1985) (citing *World Wide Volkswagen*, 444 U.S. at 295, 100 S.Ct. at 566).  Personal jurisdiction may be established "if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities."  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985).

While the Georgia BWEF may have so acted, the Commissioner of the Georgia Department of Agriculture has not.  Plaintiff has not demonstrated any valid contact by the Commissioner in the State of Alabama.  The Commissioner has not purposefully availed himself of the "privilege of conducting activities" within the State of Alabama.  Accordingly, as there is insufficient contact by the Commissioner of the Georgia Department of Agriculture within the State of Alabama relative to the subject matter of this action, it would be inconsistent with due process for the Court to exercise jurisdiction in this case.  Therefore, the Commissioner should be dismissed from this case.

D.  <u>Eleventh Amendment Immunity</u>

The Eleventh Amendment to the United States Constitution provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  "In the view of the U.S. Supreme Court, the principle of sovereign immunity embodied in the Eleventh Amendment is a broad, fundamental one, which is 'among the most stable in our constitutional jurisprudence.'  *Welch v. State Department of Highways*, 483 U.S. 468, 486 (1987).  The doctrine plays a vital role in our federal system by preventing the sensitive problems which would result from compelling one sovereign to appear in the courts of the other against its will.  *Id*. at 486-87, 107 S. Ct. at 2952."  *DeKalb County School Sys. v. Schrenko*, 109 F.3d 680 (11th Cir. 1997).

The Eleventh Amendment applies not only to suits against a State, "but also certain actions against state agents and state instrumentalities." *Shands Teaching Hosp. & Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1311 (11th Cir. 2003), *citing Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425 (1997).  Moreover, the Eleventh Amendment does not exist merely to prevent federal court judgments that must be paid out of a State's treasury, but also "to avoid the indignity of subjecting

a State to the coercive process of judicial tribunals at the insistence of private parties." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996).

The Eleventh Amendment protects a State from being sued in federal court without the State's consent. As a result, parties with claims against a non-consenting State must resort to the State's own courts. The Eleventh Amendment is "a recognition that states, though part of a union, retain attributes of sovereignty, including immunity from being compelled to appear in the courts of another sovereign against their will." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (citation omitted). Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and when an 'arm of the State' is sued. *Id*. (citations omitted).

In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court held that official capacity suits for prospective relief to enjoin state officials from enforcing unconstitutional acts are not deemed to be suits against the state and thus are not barred by the Eleventh Amendment. 209 U.S. at 167-68 ; *Scott v. Taylor*, 405 F.3d 1251 (11th Cir. 2005) (discussing *Ex parte Young*). Thus, generally, suing a state official for injunctive relief is a way to skirt a State's Eleventh Amendment immunity because it is not an action against a State. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("[I]mplementation of state policy or custom may be

reached in federal court only because official-capacity actions for prospective relief are not treated as actions against the State.").

In *Ex parte Young*, the Supreme Court carved out a "prospective-compliance" exception to the jurisdictional bar of the Eleventh Amendment, holding that a federal court could enjoin state officials "who threaten and are about to commence proceedings ... to enforce ... *an unconstitutional act*...." 209 U.S. at 156 (emphasis added). The exception permits federal courts to enjoin state officials to conform their conduct to the requirements of federal law, even if there is an ancillary impact on the state treasury. *See, e.g., Milliken v. Bradley*, 433 U.S. 267, 289 (1977). When, however, "the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] immunity from suit even though individual officials are nominal defendants." *Ford Motor Co. v. Department of Treasury of Indiana*, 323 U.S. 459, 464 (1945); *Pennhurst*, 465 U.S. at 101. A suit that is essentially one against the state is "barred regardless of whether it seeks damages or injunctive relief." *Pennhurst*, 465 U.S. at 101-02; *see Cory v. White*, 457 U.S. 85 (1982).

Plaintiff's complaint seeks both monetary and injunctive relief from the Commissioner. The Commissioner is a constitutional officer of the State of

Georgia, an arm of the State, and acts in that capacity with respect to the Georgia BWEF.  O.C.G.A. §§ 2-7-155 and 2-7-156  Therefore, plaintiff's demand for monetary judgment against the Commissioner is a demand against an arm of the State of Georgia and is barred by Eleventh Amendment immunity which Georgia has not waived.  Similarly, plaintiff's complaint makes no allegation (substantiated or otherwise) that the Commissioner is about to commit an unconstitutional act or act in violation of federal law so as to justify the extraordinary measure of issuing an injunction against him.

"In determining whether the *Ex parte Young* doctrine avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry' into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."  *Verizon Maryland, Inc. v. Public Service Com'n of Maryland,* 535 U.S. 635, 636 (2002).  Not only does plaintiff's complaint not allege "an ongoing violation of federal law," the complaint it isn't even based on federal question jurisdiction.  Therefore, plaintiff's request for injunctive relief is also barred by Eleventh Amendment immunity, does not qualify for the *Ex parte Young* exception, and should be dismissed.

E.  <u>Plaintiff has failed to state a valid claim against Commissioner Irvin</u>

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45- 46 (1957).  However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'"  *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (*quoting In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981)) .

Although a plaintiff is not held to a high standard in defending against a motion to dismiss for failure to state a claim, the federal rules do require "a short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *See* Fed.R.Civ.P. 8(a) ; *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) . "Pleadings must be something more than an ingenious academic exercise in the conceivable." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en bane) (citation omitted).  In addition, unsupported conclusions of law or of

mixed law and fact are not sufficient to withstand a dismissal under Rule 12(b)(6) . *Id*. at 1036 n.16 .

Plaintiff's complaint is solely grounded in its allegations of breach of contract.  (Complaint ¶¶ 9-15.)  All of plaintiff's other counts stem from those allegations.  The only named defendant in plaintiff's suit that has contractual privity with the plaintiff is the Georgia BWEF.  There is no privity whatsoever between the Commissioner and the plaintiff, and no allegation that the Commissioner has any contractual obligations to the plaintiff.  Because plaintiff has not alleged, and cannot allege, a basis for any claim upon which relief can be granted against the Commissioner in favor of the plaintiff, the Complaint against the Commissioner should be dismissed.

### III. CONCLUSION

Wherefore, based upon the above and foregoing, the Commissioner of the Georgia Department of Agriculture respectfully moves this court to dismiss all claims against him in the above styled action.

Respectfully submitted this 4th day of December, 2006.

                                      THURBERT E. BAKER    033887
                                      Attorney General

(Signatures continued on the next page)

-17-

                    ISAAC BYRD          101150
                    Deputy Attorney General

.    /s/ John E. Hennelly    .
JOHN E. HENNELLY    347075
Senior Assistant Attorney General

Please Address All
Communications To:

JOHN E. HENNELLY
Senior Assistant Attorney General
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Telephone:  (404) 656-7540
Facsimile:  (404) 651-6341
E-mail: jhennelly@law.ga.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| SOUTHEASTERN BOLL WEEVIL ERADICATION FOUNDATION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOLL WEEVIL ERADICATION FOUNDATION OF GEORGIA, INC., and TOMMY IRVIN in his capacity as TRUSTEE of the BOLL WEEVIL ERADICATION FOUNDATION OF GEORGIA, INC., )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.<br>2:06-cv-00756-MHT-VPM |

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing **BRIEF IN SUPPORT OF DEFENDANT TOMMY IRVIN, COMMISSIONER, GEORGIA DEPARTMENT OF AGRICULTURE'S PRE-ANSWER MOTION TO DISMISS**, prior to filing the same using the CM/ECF system, by depositing a copy thereof, postage prepaid, in the United States Mail, properly addressed upon:

      Duke R. Groover, Esq.
      William H. Noland, Esq.
      Groover & Childs
      Post Office Box 898
      Macon, Georgia 31202

      D. Mitchell Henry, Esq.
      T. Randall Lyons, Esq.
      Webster, Henry, Lyons & White PC
      Post Office Box 239
      Montgomery, Alabama 36101-0239

      Jerry A. Buchanan, Esq.
      Benjamin A. Land, Esq.
      Buchanan & Land, LLP
      P. O. Box 2848
      Columbus, Georgia 31902

      Simeon F. Penton, Esq.
      Kaufman & Rothfeder, P.C.
      P. O. Drawer 4540
      Montgomery, Alabama 36102

This 4th day of December, 2006.

                .      /s/ John E. Hennelly      .
                JOHN E. HENNELLY
                Senior Assistant Attorney General