# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| SOUTHEASTERN BOLL WEEVIL ERADICATION FOUNDATION, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>BOLL WEEVIL ERADICATION FOUNDATION OF GEORGIA, INC.; TOMMY IRVIN in his capacity as TRUSTEE of the BOLL WEEVIL ERADICATION FOUNDATION OF GEORGIA, INC., )<br><br>Defendants. )<br>_____ ) | Civil Action No.<br>2:06cv756-MHT |

## PRO TANTO JOINT STIPULATION OF DISMISSAL WITHOUT PREJUDICE AS TO DEFENDANT TOMMY IRVIN ONLY

**COME NOW,** the named parties in the above-captioned matter, and represent that this matter has been settled only as between the Southeastern Boll Weevil Eradication Foundation, Inc., ("the Southeastern Foundation") and Georgia Commissioner of Agriculture Tommy Irvin ("the Commissioner"), who is statutorily designated to hold certain funds in trust for the Boll Weevil Eradication Foundation of Georgia, Inc., ("the Georgia Foundation") and move that this Honorable Court dismiss the claims without prejudice against the Commissioner.

1

The parties further stipulate that the Commissioner or his successor as Commissioner of the Georgia Department of Agriculture, in his or her capacity under Georgia law as holding funds in trust for the Georgia Foundation, will only disburse such trust funds as are necessary for the day-to-day operations of the Georgia Foundation and to maintain boll weevil eradication programs within the State of Georgia. The parties stipulate that the funds needed for these regular expenses amount to $320,000.00 per month.

For any expenditure beyond $320,000.00 per month, the Commissioner will disburse funds only on the written request of the Georgia Foundation after the Georgia Foundation has provided to the Commissioner written consent from the Southeastern Foundation for such expenditure. If the Southeastern Foundation refuses to provide such written consent, then the Georgia Foundation must obtain approval of this Court for payment of reasonable expenses above $320,000.00 per month before requesting the Commissioner to disburse the funds. However, the parties agree that the Georgia Foundation shall not be required to obtain the consent of the Southeastern Foundation or approval of the Court before requesting payment by the Commissioner of its litigation expenses related to this case, such as attorneys' fees and costs. It shall be the responsibility of the Georgia Foundation,

not the Commissioner, to monitor the monthly disbursement requests to insure that the limitation set forth herein is not exceeded, except as provided in this paragraph. The parties agree that the Georgia Foundation will secure and provide the Southeastern Foundation with copies of all future monthly, quarterly, yearly, or other statements from all bank accounts or other accounts containing funds held by the Georgia Foundation, or held by the Commissioner on behalf of the Georgia Foundation, within seven (7) days of receipt of such statements by the Georgia Foundation. The parties agree that the Georgia Foundation may redact from such statements information protected by the Attorney Client and Work Product Doctrine.

    In addition, the Commissioner agrees to provide the Southeastern Foundation with copies of current account statements not otherwise available from the Georgia Foundation within seven (7) days of receipt of a written request from Southeastern Foundation for such statements.

    The Georgia Foundation hereby stipulates and agrees that upon the settlement of this action or in the event of a money judgment rendered against it in this action, and upon exhaustion of any and all appeals, it shall request that the Commissioner pay the settlement amount or judgment to the Southeastern Foundation. The Commissioner hereby stipulates and agrees that upon written

request from the Georgia Foundation, he shall pay such settlement amount or judgment to the Southeastern Foundation as may be authorized by the Georgia Foundation and Georgia law in the event of a settlement or required by law in the event of a money judgment. Upon the final resolution of this case, including appeals and including the payment of any judgment or settlement as provided above, the parties' obligations under this stipulation shall cease.

During the course of this litigation, the Commissioner and the Georgia Foundation stipulate and agree that the Georgia Foundation shall continue as the certified cotton growers' organization for Georgia, consistent with Georgia law, and shall continue to collect assessments from cotton producers in Georgia of at least $2.75 per acre pursuant to and not inconsistent with the Georgia Boll Weevil Eradication Act of 1985, as amended.

Each party shall bear its own costs, and this Court shall retain jurisdiction for the purpose of enforcing this stipulation and shall retain jurisdiction over the remaining claims not settled herein. By entering into this stipulation, the Commissioner does not waive any rights, claims, defenses, objections or legal arguments he could assert if he were to participate as a party in this matter; and the parties stipulate that the Commissioner shall have the right to raise such rights,

claims, defenses, objections or other legal arguments if he is subsequently made a party to this matter at a later date.

The Georgia Foundation and Southeastern Foundation hereby waive any claim against the Commissioner that may accrue as a result of compliance by the Commissioner with this stipulation.

All parties agree to be bound by the terms of this stipulation and authorize their counsel to execute this stipulation on their behalf.

Respectfully submitted this 13th day of December, 2006.

        ___/s/ John E. Hennelly_____
        JOHN E. HENNELLY
        Senior Assistant Attorney General
        Attorney for Commissioner Tommy Irvin
        Georgia Department of Agriculture

40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Telephone:  (404) 656-7540
Facsimile:  (404) 651-6341

        __/s/ Mitch Henry_____
        D. MITCHELL HENRY (HEN046)
        T. RANDALL LYONS (LYO006)
        Attorneys for Southeastern
        Boll Weevil Eradication, Inc.

WEBSTER, HENRY, LYONS & WHITE, P.C.
Post Office Box 239
Montgomery, Alabama  36101-0239
Telephone: (334) 264-9472
Facsimile: (334) 264-9599

                               __/s/ Duke R. Groover_____
                               DUKE R. GROOVER
                               Attorney for Boll Weevil Eradication
                               Foundation of Georgia, Inc.

GROOVER & CHILDS
P.O. Box 898
Macon, Georgia 31202
Telephone:  (478) 745-4712
Facsimile: (478) 745-7373