IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| SOUTHEASTERN BOLL WEEVIL ERADICATION FOUNDATION, | * * * | |
| Plaintiff, | * * | |
| VS. | * * | Civil Action No. 2:06-CV-00756 |
| BOLL WEEVIL ERADICATION FOUNDATION OF GEORGIA, INC.; TOMMY IRVIN in his capacity as TRUSTEE OF BOLL WEEVIL ERADICATION FOUNDATION OF GEORGIA, INC., | * * * * * * * | |
| Defendants. | * | |

### DEFENDANT'S MOTION TO EXTEND DEADLINE FOR FILING DISPOSITIVE MOTIONS

COMES NOW, Defendant, Boll Weevil Eradication Foundation of Georgia, Inc. in the above-captioned case, and respectfully moves this Court to extend the time in which the parties may file dispositive motions as established in this Court's October 20, 2006 Scheduling Order as follows:

1.

On or about October 19, 2006, the parties submitted their discovery plan as required by Fed.R.Civ.P. 26(f).

2.

Subsequently, this Court conducted a scheduling conference and, pursuant to Fed.R.Civ.P. 16, entered a Scheduling Order establishing, among others, the deadline for the parties to file dispositive motions, which was established at ninety (90) days before the pretrial conference set for October 15, 2007. Thus, pursuant to the October 2006

Scheduling Order, dispositive motions must be filed by the parties on or before July 15, 2007. For reasons enumerated *infra*, the Defendant moves this Court for an extension of this deadline. Counsel for Defendant has contacted Mr. Mitch Henry, counsel for Plaintiff Southeastern Boll Weevil Eradication Foundation, and he does not object to this motion or the extension.

3.

On October 27, 2006, Plaintiff served on Defendant its First Continuing Interrogatories and Requests for Production of Documents. On November 25, 2006, Defendant responded to Plaintiff's First Interrogatories and First Request For Production of documents producing two hundred sixty-five (265) documents to Plaintiff. Subsequently, Defendant supplemented its responses to Plaintiff's First Request for Production of Documents on January 25, 2007 by producing an additional nine hundred seventy (970) documents to Plaintiff. In addition, on May 7, 2007, Defendant further supplemented its responses to Plaintiff's First Request for Production of Documents by producing nine hundred thirty-three (933) documents to Plaintiff. Thus, in total, Defendant has produced two thousand one hundred sixty-eight (2,168) documents to Plaintiff.

4.

On January 4, 2007, Defendant served on Plaintiff its First Continuing Interrogatories and Requests for Production of Documents. Due to the volume of documents requested by Plaintiff, the parties jointly agreed to an extension of time for Plaintiff to respond to Defendant's discovery. On April 2, 2007, Plaintiff responded to Defendant's discovery producing one thousand six hundred twenty-four (1,624)

documents to Defendant. On April 20, 2007, Defendant served its supplemental Interrogatories and Request for Production on Plaintiff. Defendant has granted Plaintiff an extension of time to respond to the supplemental discovery. However, Defendant anticipates that Plaintiff will produce several hundred more documents in response to Defendant's supplemental request.

5.

Following the initial exchange of documents, Plaintiff noticed the depositions of four (4) of Defendant's Board members, Billy Sanders, Herbert Price, Mike Evans, and Jim Wilson. These depositions were scheduled to take place over a two day period. However, the deposition of Billy Sanders took an entire day, and therefore, Plaintiff was only able to take Mr. Sanders, Mr. Price, and Mr. Evans' depositions in the allotted two day period. Mr. Wilson's deposition has been rescheduled for Monday, June 25, 2007. In addition, as a result of subsequent documents produced to Plaintiff by Mr. Sanders and Mr. Evans, Plaintiff will reconvene the depositions of Mr. Sanders, Mr. Price, and Mr. Evans on Monday, July 9, 2007 and Tuesday, July 10, 2007. Plaintiff will depose five (5) other witnesses for Defendant on Wednesday, July 11, 2007, Thursday, July 12, 2007, and Friday, July 13, 2007.

6.

Plaintiff anticipates that it may have to take additional depositions over and above the nine (9) depositions that will have been taken by Plaintiff as of Friday, July 13, 2007.

7.

For its part, Defendant has scheduled and is in the process of scheduling the depositions of fourteen (14) members and representatives of Plaintiff. Defendant will

also schedule Plaintiff's deposition pursuant to a Fed.R.Civ.P. 30(b)(6) Notice. The proposed deponents reside in various states including North Carolina, South Carolina, Florida, Alabama, Mississippi, Missouri, and Tennessee, thus, posing various logistical and practical issues relative to the scheduling of those depositions.

8.

Another key issue in scheduling the depositions of the various witnesses is the fact that most of them are cotton farmers. At present, given the severe drought conditions across the Southeast, many of these farmers are operating on a deadline with respect to when they must replant the cotton that has burned up in the fields, due to the lack of rain, for insurance purposes. Clearly, this consideration, which directly affects these individuals' personal livelihoods, is foremost on their mind and of utmost concern for them. Unfortunately, this drought condition has greatly affected the scheduling of depositions for both Plaintiff and Defendant.

9.

Defendant anticipates that several more depositions in addition to those referenced above will be taken including individuals who work for the United States Department of Agriculture. However, pursuant to this Court's Rule 16 Scheduling Order, dispositive motions are due to this Court by July 15, 2007. Defendant does not anticipate that of the depositions referenced above will be completed and received in sufficient time to prepare and file dispositive motions.

10.

Pursuant to Fed.R.Civ.P. 56, the purpose of summary judgment is to narrow the issues for trial, promote judicial economy, and determine which, if any, of the relevant facts of the case are agreed upon by the parties. *See generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). At this point in the discovery process, the parties are in no position to determine the relevant scope of facts for this case or the "universe" of documents that the parties will present to support their summary judgment motions. Any motion for summary judgment would be, at this point, extremely premature toward furthering the ultimate goal of narrowing the issues for trial.

11.

Therefore, because of the amount of discovery yet to be completed by the parties, and the fact that the parties will not be in a position to file dispositive motions by the deadline as established by this Court, Defendant moves this Court to extend the deadline to file dispositive motions as established in this Court's Rule 16 Scheduling Order as follows:

(1)   All dispositive motions should be filed with the court no later than sixty (60) days before the October 15, 2007 pre-trial conference;

(2)   All other dates and stipulations from the parties' Rule 26(f) Discovery Plan and this Court's October 20, 2006 Scheduling Order are to remain the same.

WHEREFORE, Defendant respectfully moves this Court to extend the deadline to file dispositive motions as indicated above.

Respectfully submitted,

This the 22nd day of June, 2007.

/s/ Duke R. Groover
DUKE R. GROOVER
Georgia Bar No.: 313225

/s/ G. Grant Greenwood
G. GRANT GREENWOOD
Georgia Bar No.: 309166

JAMES, BATES, POPE & SPIVEY, LLP
Post Office Box 4283
Macon, Georgia 31208-4283
Telephone: (478)742-4280
Facsimile: (478)742-8720

/s/ Simeon F. Penton
SIMEON FRANKLIN PENTON
Alabama Bar No.: PEN007

KAUFMAN & ROTHFELDER, P.C.
Post Office Drawer 4540
Montgomery, Alabama 36102
Telephone: (334)244-1111
Facsimile: (334)244-1969

Attorneys for Boll Weevil Eradication
Foundation of Georgia, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing on all parties via electronic service.

This 22nd day of June, 2007.

/s/ Duke R. Groover
DUKE R. GROOVER
Georgia Bar No.: 313225

JAMES, BATES, POPE & SPIVEY, LLP
Post Office Box 4283
Macon, Georgia 31208-4283
Telephone: (478)742-4280
Facsimile: (478)742-8720